UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

KAMAAL BEY and TA-MUUR BEY,

                           Plaintiffs,

               -against-

Police Officer ALEX VIERA, Shield No. 14168;
Police Officer PATRICK CRAIG; Police Officer
DENIS O'MAHONEY, Shield No. 5585; and
JOHN and JANE DOE 1 through 10, individually
and in their official capacities (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

                      Defendants.

---------------------------------------------------------------- x

**COMPLAINT**

14 CV 4519

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## RELATED CASE

5.      Pursuant to Local Civil Rule 1.6(a) and Rule 50.3.1 of the Guidelines for the Division of Business Among District Judges of the Eastern District, plaintiffs respectfully inform the Court that this case is related to the pending civil action *Erick Johnson v. City of New York, et al.*, 14 CV 1381 (JBW) (JO).

6.      The cases arise from the same transaction, to wit, the arrest on October 3, 2012, of plaintiffs Kamaal Bey and Ta-Muur Bey and their friend Erick Johnson in Brooklyn.

7.      As such, the cases involve virtually identical factual and legal issues. Plaintiffs and Mr. Johnson were arrested together by the same defendant police officers, at the same time, for allegedly committing, *inter alia*, Obstruction Governmental Administration, and suffered similar damages.

8.      The party and non-party witnesses in both cases will overlap.

9.      Thus, there will be a saving of judicial resources if the Hon. Jack B. Weinstein and Hon. James Orenstein are also assigned to this case.

## JURY DEMAND

10.     Plaintiffs demand a trial by jury in this action.

## PARTIES

11.     Plaintiff Kamaal Bey is a resident of Kings County in the City and State of New York.

12.     Plaintiff Ta-Muur Bey is a resident of Kings County in the City and State of New York.

13.     Defendant Police Officer Alex Viera, Shield No. 14168 ("Viera"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Viera is sued in his individual and official capacities.

14.     Defendant Police Officer Patrick Craig, ("Craig"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Craig is sued in his individual and official capacities.

15.     Defendant Police Officer Denis O'Mahoney, Shield No. 5585 ("O'Mahoney"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant O'Mahoney is sued in his individual and official capacities.

16.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

17.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

18.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

19.     At approximately 6:30 p.m. on October 3, 2012, Kamaal Bey and his brother Ta-Muur Bey were lawfully in Kamaal's car, with their friend Erick Johnson, in the parking lot of the Albany Houses located at 1008 St. Marks Avenue in Brooklyn, New York.

20.     Without reasonable suspicion to believe plaintiffs had committed any crime or offense, defendants approached the vehicle and began interrogating plaintiffs.

21.     Plaintiffs were then taken from the car and placed under arrest.

22.     Kamaal Bey, Ta-Muur Bey and the vehicle were searched without plaintiffs' consent or any other lawful basis.

23.     No contraband or evidence of criminal activity was discovered in the unlawful search.

24.     Kamaal and Ta-Muur Bey were taken to a police precinct.

-4-

25.     At the precinct, defendants falsely informed employees of the Kings County District Attorney's Office that they had observed the plaintiffs obstruct governmental administration and had observed Ta-Muur Bey tamper with evidence, a felony, and prepared false paperwork regarding the circumstances of plaintiffs' arrests.

26.     At no point did the officers observe plaintiffs commit any crime or offense.

27.     After approximately twenty-eight hours in custody, plaintiffs were arraigned and released.

28.     Upon information and belief, the charges levied against Kamaal Bey were adjourned in contemplation of dismissal.

29.     Upon information and belief, the charges levied against Ta-Muur Bey were dismissed.

30.     Plaintiffs suffered damage as a result of defendants' actions.  Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, and damage to their reputation.

## FIRST CLAIM
### Unlawful Stop and Search

31.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

32.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

33.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

34.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

35.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

36.      As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
**Malicious Prosecution**

37.     Plaintiff Ta-Muur Bey repeats and realleges each and every allegation as if fully set forth herein.

38.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff Ta-Muur Bey under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

39.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

40.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff Ta-Muur Bey sustained the damages alleged herein.

## FOURTH CLAIM
**Denial Of Constitutional Right To Fair Trial**

41.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

42.     The individual defendants created false evidence against plaintiffs.

43.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

44.     In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

45.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

46.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

47.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

48.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

49.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:      July 28, 2014
            New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwandf.com

*Attorneys for plaintiff*